IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

  Plaintiff,

vs.          Civil Action 2:99-CV-1097
             Judge Holschuh
             Magistrate Judge King

CITY OF COLUMBUS, OHIO,

  Defendant.

## OPINION AND ORDER

This is an action for injunctive and declaratory relief, instituted under the provisions of 42 U.S.C. §14141, in which the United States alleges that officers of the Columbus Division of Police have engaged in a pattern or practice of conduct violative of federal law and that the defendant city has tolerated the alleged misconduct by failing to implement adequate policies, training, supervision, monitoring and incident investigation procedures. This matter is now before the Court on the motion for leave to intervene filed on behalf of the Fraternal Order of Police, Capital City Lodge No. 9 ["FOP"].

The FOP seeks leave to intervene as a defendant both as of right under F.R. Civ. P. 24(a)(2) and permissively under F.R. Civ. P. 24(b)(2). It specifically invokes its interest in preserving its members' rights under the collective bargaining agreement ["CBA"] with the defendant city. Because the Court concludes that the FOP may intervene as of right, the Court will not consider the standards governing permissive intervention.

EXHIBIT D

> Rule 24 provides in relevant part as follows:
>
> (a) **Intervention of Right.** Upon timely application anyone may be permitted to intervene in an action:
>
>    *   *   *
>
> (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Rule 24 requires, as an initial matter, that the application for intervention be timely. The United States Court of Appeals for the Sixth Circuit has identified five factors for consideration in assessing whether an application for leave to intervene is timely:

> (1) the point to which the suit has progressed;
>
> (2) the purpose for which intervention is sought;
>
> (3) the length of time preceding the application during which the proposed intervener knew or reasonably should have known of his interest in the case;
>
> (4) the prejudice to the original parties due to the proposed intervener's failure, after he or she knew or reasonably should have known of his or her interest in the case, to apply promptly for intervention; and
>
> (5) the existence of unusual circumstances militating against or in favor of intervention.

*Cuyahoga Valley Ry. Co. v. Tracey*, 6 F.3d 389, 396 (6th Cir. 1993) *quoting Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989). The complaint in this action was filed October 21, 1999; the FOP filed its motion for leave to intervene on October 25, 1999. The FOP's motion to intervene is clearly

2

timely.

An applicant is entitled to intervene as of right when it demonstrates a legal interest in the subject matter of the pending action, establishes that disposition of the action may impair or impede its ability to protect that legal interest, and demonstrates that the existing parties to the action cannot adequately protect the proposed intervener's interest. *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999) *citing Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990). The interest must be both "direct and substantial." *Meyer Goldberg, Inc. of Lorain v. Goldberg*, 717 F.2d 290, 292 (6th Cir. 1983). However, the United States Court of Appeals for the Sixth Circuit has opted "for a rather expansive notion of the interest sufficient to invoke intervention of right." *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). Moreover, "close cases should be resolved in favor of recognizing an interest under Rule 24(a)." *Id.* at 1247; *Grutter v. Bollinger*, 188 F.3d at 399.

> The CBA recognizes the FOP as the
>
> sole and exclusive representative of all bargaining unit members in any and all matters relating to wages, hours, and terms and conditions of employment and the continuation, modification, or deletion of an existing provision of the Contract between the parties, and the resolution of questions arising under this Contract for all employees included in the bargaining units. ...

Section 3.1 of the CBA, *Exhibit A* attached to *Supplemental Memorandum of FOP in Support of Its Motion to Intervene*, at 5. The FOP contends that

3

the proposed consent decree[1] "will cause the City to assume obligations in conflict with at least 44 sections of the collective bargaining agreement ... [and] would cause the City to violate the requirement of the Ohio Public Sector Collective Bargaining Act that it negotiated with the FOP as to any proposed changes in the Contract." *Supplemental Memorandum of FOP in Support of Its Motion to Intervene*, at 3. Although it disputes the extent of the conflict between the litigation and the CBA, even the United States concedes that at least the "past practices" clause of the CBA would be impacted by the grant of any relief in this action, whether by consent decree or otherwise.[2]

The "past practices" clause, or §2.7 of the CBA, attached as Exhibit A to the *Supplemental Memorandum of the FOP in Support of Its Motion to Intervene*, provides as follows:

> (A) The City agrees to continue all existing practices and benefits during the term of this Contract. The Chief of Police shall determine all past practices and benefits; however, if the Lodge disagrees as to whether a past practice or benefit does exist, the parties will first attempt to resolve the problem through the Labor Relations Committee process. Failing to reach an agreement in the Labor Relations process, the Lodge may file a grievance over the matter and take the question

---

[1] The FOP primarily addresses the proposed consent decree apparently negotiated by the plaintiff and the city, but never submitted to the Court for approval, on the bases that the plaintiff "has given no specific detail as to the judgment that it would seek against the FOP," and that the consent decree is "presumably characeristic of the least invasive measures that [plaintiff] would have the Court adopt." *Supplemental Memorandum of FOP in Support of Its Motion to Intervene*, at 2.

[2] The United States also agrees that the proposed consent decree would conflict with those substantive provisions of the CBA that govern the time limit for the filing of civilian complaints, the time during which officers' disciplinary records must be retained and the requirements for officers seeking positions as trainers and investigators for the Internal Affairs Bureau. *Plaintiff's Response to Supplemental Memorandum of FOP Concerning Its Motion to Intervene*, at 5. Because the Court concludes that the "past practices" clause of the CBA unquesitonably gives rise to a significantly protectable interest on the part of the FOP, the Court need not consider whether any other provision of the CBA would be impacted by the litigation.

> through the grievance procedure for final and binding decision by an arbitrator as to whether or not a past practice or benefit exists.

*Id.*, at 4-5.[3] The "past practices" clause of §2.7 of the CBA requires that existing management practices of the Columbus Division of Police remain in effect during the term of the contract.[4] All parties agree, and this Court concludes, that the "past practices" clause contained in §2.7 of the CBA presents a significantly protectable interest on the part of the FOP warranting its intervention as of right under F.R. Civ. P. 24(a)(2). To the extent that §2.7 confers rights and expectations upon the FOP and its members, those rights and expectations are placed directly at issue by the allegations of the complaint. The FOP has therefore met the first prong of the test for intervention under Rule 24(a)(2).

The second prong of the test requires a showing that the interest of the applicant in intervention will be impaired "as a practical matter" should intervention not be granted. *Grutter v. Bollinger, supra,* 188 F.3d at 397-98. To satisfy this element, an applicant in intervention must establish only that impairment of its substantial legal interest is *possible* should intervention be denied. *Miller,* 103 F.3d at 1247; *Pernell v. City of Akron,* 925 F.2d 941, 948 (6th Cir. 1991). This burden is likewise minimal. *Miller,* 103 F.3d at

---

[3] "Past benefit" and "past practice" are defined in the CBA as "a policy, procedure or practice which has been continuous. ..." *Id.*, at 2.

[4] Section 37.1 of the CBA establishes a nominal expiration date of December 11, 1999. However, the city and the FOP expressly agreed to extend the terms of the CBA "until a successor collective bargaining agreement is reached or implemented whether as a result of ratification of a tentative agreement or through the use of the statutory dispute resolution procedure." *Exhibit A,* attached to *Reply Memorandum of FOP in Support of Its Motion for Leave to Intervene as a Defendant.*

5

1247.

This Court agrees that a decision favorable to the United States on the merits of its claims will clearly impact the CBA and its "past practices" clause. Such a decision may preclude enforcement of the clause by the FOP; at a minimum, should the United States prevail, the defendant city may very well be subjected to a substantial risk of inconsistent obligations to the FOP. The Court therefore concludes that the FOP has met the second prong of the test for intervention as of right under F.R. Civ. P. 24(a)(2).[5]

Closely related to the second prong of that test is the third prong, which requires a showing that the interests of the proposed intervener will not be adequately represented by existing parties. The burden is on the applicant in intervention to establish that the representation of the current parties to the litigation is inadequate; however, this burden is likewise "minimal." *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972). It is "sufficient that the movant[] prove that representation *may* be inadequate." *Miller, supra*, 103 F.3d at 1247 (emphasis added); *Linton v. Comm'r. of Health and Environment, State of Tenn.*, 973 F.2d 1311, 1319 (6th Cir. 1992). Moreover, the United States Court of Appeals for the Sixth Circuit has "declined to endorse a higher standard for inadequacy" merely because the existing parties include a governmental entity. *Grutter v. Bollinger, supra*, 188 F.3d at 400. It is sufficient to establish that the existing party who purports to seek the same outcome will not make all of the

---

[5] Whether or not the United States will ultimately prevail on its claims is not, of course, determinative to the resolution of the motion for leave to intervene at this stage of the proceedings.

6

prospective intervenor's arguments. *Miller, supra,* 103 F.3d at 1247, citing *Forest Conservation Council v. United States Forest Serv.*, 66 F.3d 1489, 1498-99 (6th Cir. 1995).

In its original *Memorandum in Support of Its Motion for Leave to Intervene*, the FOP summarized its perception of the interests of the existing parties to the litigation:

> The United States wants to stop alleged police misconduct. The City wants to limit its potential exposure and avoid a drawn-out battle. Neither of these interests correspond with those of the FOP, which wants to protect the collective bargaining agreement and which strongly believes that the complaint has no factual or legal merit.

*Motion of FOP for Leave to Intervene as a Defendant,* at 16. This perception was apparently based entirely on the fact that the United States and the city had negotiated a consent decree. However, as previously noted, neither the United States nor the defendant city has submitted any proposed consent decree for approval of the Court.[6] Indeed, the United States represents that the proposed consent decree would not be implemented "without FOP approval." *United States' Response to Supplemental Memorandum of FOP concerning Its Motion to Intervene,* at 9. For its part, the city "merely acknowledges that there exists a possibility that some of the collective bargaining interests of the FOP may not be adequately represented by the City." *Response of Defendant City of Columbus to Supplemental Memorandum of FOP in Support of Its Motion to Intervene,* at 1.

This Court has neither a factual basis nor the inclination to

---

[6]The FOP has submitted, in its supplemental memorandum, what is purported to be a copy of the consent decree. Exhibit B, attached to *Supplemental Memorandum of the FOP in Support of Its Motion to Intervene.*

7

conclude that the defendant city will not vigorously defend its interests in this action. The fact remains, however, that the interests of an employer and its employees in a collective bargaining agreement are unlikely to be entirely congruent or coextensive. Under the circumstances presented in this case, and in light of the fact that neither of the existing parties to the litigation opposes intervention by the FOP, the Court concludes that the FOP has met the final test for intervention as of right under F.R.Civ.P. 24(a)(2).

All parties have addressed not only the fact of intervention by the FOP but also the extent to which the FOP should be permitted to participate as a defendant in the action. The city takes the position that the FOP's role in the litigation should be limited to that "of protecting [its] collective bargaining agreement." *Response of Defendant City of Columbus to Supplemental Memorandum of FOP in Support of Its Motion to Intervene*, at 2. The United States similarly suggests that the FOP's participation should be limited "to the extent that [its] interest may be affected by this litigation." *United States' Response to Supplemental Memorandum of FOP concerning Its Motion to Intervene*, at 3. Without hesitation, this Court agrees with the United States and the city that the Office of the City Attorney is charged by law as the sole representative of the interests of the City of Columbus. *See also* O.R.C. §2744.07. It is also unquestionably true that the only legally protectable interest justifying the FOP's intervention in the case is its defense of its rights under the CBA. In theory, the FOP's participation in the litigation can be no greater than its interest. As a practical matter, however, it is impossible to determine at this

8

juncture, and outside the context of an actual dispute, the precise contours of the limits of the FOP's participation in this action. The Court therefore expresses no present opinion on that issue.

**WHEREUPON** the motion for leave to intervene as of right under F.R.Civ.P. 24(a)(2) is **GRANTED**. The Fraternal Order of Police, Capital City Lodge No. 9, is **GRANTED** leave to intervene in this action as a defendant. The Clerk shall file the tendered answer.

The Court is advised that proceedings regarding the terms of a successor collective bargaining agreement are on-going. A material change in the terms of any successor collective bargaining agreement may divest the FOP of a significantly protectable interest in this litigation. If any party concludes that, because of any such change, intervention by the FOP is no longer warranted, that party may promptly move to reconsider the grant of leave to intervene.

The Court will meet with counsel in chambers on March 8, 2000, at 2:45 p.m., to consider the scope and sequence of discovery in this action.

Norah McCann King
United States Magistrate Judge