IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TAMARA K. ALSAADA, *et al.*, : | |
| : | Case No. 2:20-cv-3431 |
| Plaintiffs, : | |
| : | Chief Judge Algenon L. Marbley |
| v. : | |
| : | Magistrate Judge Jolson |
| THE CITY OF COLUMBUS, *et al.*, : | |
| : | |
| Defendants. : | |

**OPINION & ORDER**

### I.   INTRODUCTION

This matter comes before the Court on the Motion of Fraternal Order of Police ("FOP"), Capital City Lodge No. 9, for Leave to Intervene as a Defendant. (ECF No. 14). Plaintiffs oppose. (ECF No. 18). For the reasons set forth herein, the motion is **GRANTED**. (*Id.*).

### II.   BACKGROUND

On July 8, 2020, Plaintiffs, twenty-six individuals, filed a Complaint, asserting various constitutional claims—including excessive force and retaliation—under the First and Fourth Amendments against Defendant City of Columbus, Deputy-Chief Thomas Quinlan, Sergeant David Gitlitz, Officer Shawn Dye, Officer Thomas Hammel, Officer Holly Kanode, Officer Kenneth Kirby, Officer Michael Eschenburg, and John and Jane Doe, #1-30. (ECF Nos. 1, 2). On December 7, 2020, Plaintiffs moved for a Motion for Preliminary Injunction; this Court held a seven-day hearing, beginning on February 22, 2021. FOP moved for a Motion to Intervene on January 26, 2021. (ECF No. 14). This Court granted Plaintiffs' Motion for Preliminary Injunction on April 30, 2021. (ECF No. 66).

The movant, FOP, is the exclusive collective bargaining representative of two bargaining units employed by the City of Columbus: (1) all individual officer Defendants below the rank of

Sergeant; and (2) all individuals holding the rank of Sergeant to Commander. (ECF No. 14 at 2). They seek to intervene as a defendant in this case, contending that the relief sought by Plaintiffs would alter the terms and conditions under the collective bargaining agreement ("CBA"; "Contract") with the City of Columbus and its mutual-aid agreements. (ECF No. 14 at 3).[1]

### III. STANDARD OF REVIEW

The FOP seeks to intervene as a matter of right pursuant to Rule 24(a), and in the alternative, seeks permission to intervene under Rule 24(b). Because this Court finds that the FOP has timely established its right to intervene, it does not address whether permissive intervention would be appropriate in this case.

On timely motion, the court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed.R.Civ.P. 24(a). The Sixth Circuit has extrapolated the following four elements from Rule 24(a) that must be satisfied to establish a right to intervene:

> (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervener's ability to protect their interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest.

*Coal to Defend Affirmative Action v. Granholm,* 501 F.3d 775, 779, 780 (6th Cir. 2007) (explaining that more than "any articulated interest" is needed for intervention as a matter of right).

---

[1] The expiration date of the current collective bargaining agreement between the FOP and the City of Columbus was December 8, 2020, and the movant represents that the parties to the CBA are engaged in the negotiation of a successor contract. While these negotiations are in progress, the provisions of the current "expired" agreement remain "in full force and effect" – both by operation of state law (*see* Ohio Revised Code Section 4117.14) and by the express terms of the current Contract (Ex. A, § 38.1). (ECF No. 14 at 4).

2

## IV. LAW & ANALYSIS

Before turning to the merits of the instant motion, this Court notes that this matter is apposite to *Shreve v. Franklin Cty., Ohio*, No. 2:10-CV-644, 2011 WL 250407, at *1 (S.D. Ohio Jan. 25, 2011), where the court reviewed and granted a motion to intervene from the FOP, Capital City Lodge No. 9 (the same would-be intervenor here), when there was a pending motion for preliminary injunction. Those plaintiffs sought to enjoin an alleged pervasive practice of sheriff's deputies at the Franklin County Corrections Centers, subjecting prisoners to excessive force through the use of stun guns; defendants included the county, the sheriff, and various sheriff deputies. (*Id.*).

In granting the FOP's motion the day before the hearing began, and applying the Rule 24(a) factors, the court found: (1) as to timeliness, the parties would not be prejudiced by allowing the FOP to intervene the day before the hearing began; (2) the plaintiffs' requested relief, if granted, would impact the FOP's legal interests; (3) the FOP's legal interests could be impaired absent its intervention; and (4) the existing defendants did not adequately represent the FOP's interests, given the FOP's position as the bargaining representative. *Id.* at *2–6.

### A. Timeliness

Courts consider "all relevant circumstances" in determining whether the FOP's motion to intervene is timely. *Jansen v. City of Cincinnati,* 904 F.2d 336, 340 (6th Cir. 1990). Factors considered in evaluating timeliness include: (1) the progression of the suit; (2) the purpose for intervention; (3) the amount of time before attempted intervention during which the intervening party was aware of its potential interest in the case; (4) prejudice to the original parties that could arise as a result of the intervenor's failure to intervene upon discovering its interest in the case; and (5) any unusual circumstances weighing for or against intervention. *Id.*

3

As to the first and third sub-factors, Plaintiffs filed their Amended Complaint on September 16, 2020. (ECF No. 2). The Motion for Preliminary Injunction was filed December 7, 2020, and on December 16, this Court scheduled the hearing to begin on February 22, 2021. (ECF No. 9). The FOP's Motion to Intervene was filed on January 26, 2021. (ECF No. 14). Plaintiffs opposed on February 15, 2021. (ECF No. 18). Intervenor-Defendant FOP replied on February 18, 2021. (ECF No. 20). The hearing began as scheduled on February 22, 2021. On the one hand, the FOP had ample notice from the outset of the litigation of the alleged threats to its interests, but nevertheless waited a fair amount of time after Plaintiffs filed their Motion for Preliminary Injunction—nearly a month—to file the instant Motion to Intervene. On the other hand, the FOP's motion was filed before any key motions had been ruled on and while the existing Plaintiffs and Defendants were engaged in discovery in preparation for the hearing. On balance, this sub-factor weighs in favor of granting the motion.

The second sub-factor—the purpose for intervention—also weighs in favor of the proposed motion. The FOP's purpose in intervening is the protection of its contractual and statutory interests as the exclusive collective bargaining representative of several of the named defendants in this case. As to the fourth sub-factor—prejudice to the original parties—Plaintiffs do not contend that FOP's motion has caused any delay in the proceedings, so this prong is a relative non-issue.

This Court finds that at the time the FOP filed their motion, this suit had not progressed significantly, and the FOP did not seek to delay the matter. Finally, this Court cannot identify any unusual other circumstance that would alter this finding on timeliness.

### B. Legal Interest

The second element necessary for an intervention of right under Rule 24(a) requires that "the proposed intervenor has a substantial legal interest in the subject matter of the case." *Coal,*

4

*to Defend Affirmative Action*, 501 F.3d at 779. The Sixth Circuit has adopted "a rather expansive notion" of the type of interest required to intervene as a matter of right. *Mich. State AFL–CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997).

Pursuant to Chapter 4117 of the Ohio Revised Code, the FOP is the exclusive collective bargaining representative of Franklin County deputy sheriffs below the rank of sergeant and all individuals holding the rank of Sergeant to Commander. As such, the FOP represents that the relief sought by the Plaintiffs would alter certain provisions of the collective bargaining agreement, including: (1) a "past practices" provision prohibiting the City of Columbus from altering any known and continuous past practice without first negotiating and reaching agreement upon such a change; (2) provisions of the CBA guaranteeing the FOP's negotiating rights for matters affecting working conditions and safety; and (3) provisions of the CBA governing the discipline of deputies, including the Division of Police Directives and Rules of Conduct. (ECF No. 14 at 5).

Plaintiffs argue that the primary bases for intervention are a single clause regarding past practices in the CBA and speculation that whatever injunctive relief the Court orders will violate one or more rights that FOP members have by virtue of the CBA. (ECF No. 18 at 6). Moreover, Plaintiffs oppose the FOP's intervention because they do not allege that a single CBA provision is unconstitutional. And, at any rate, Plaintiffs contend that the CBA assigns virtually every question at issue to management's prerogative and provides a variety of responses *other* than intervention when a lawsuit implicates the CBA's terms. Plaintiffs also point out that this Court can invalidate contractual provisions that run afoul of civil rights laws. If the FOP wishes to advocate, Plaintiffs insist that they can still participate in this lawsuit as amicus curiae.

This Court holds that the FOP's asserted interest is substantial and well within the subject matter of this case. While Plaintiffs are correct in stating that this action arises pursuant to § 1983,

5

the requested relief sought by Plaintiffs, if granted, will potentially have a substantial impact on the terms of the CBA and the collective bargaining rights of the FOP and its members. *Shreve*, 2011 WL 250407 at *2 (same).

### C. Impairment of Legal Interest

The third element that must be established by the FOP is that its ability to protect its interest may be impaired in the absence of intervention. *Coal. to Defend Affirmative Action*, 501 F.3d at 779. The FOP represents that a decision favorable to the Plaintiffs in this case could impact several provisions of the FOP Contract. (ECF No. 14 at 8). For example, the FOP fears that a decision could preclude enforcement in whole or in part of various clauses, including precluding enforcement of the past-practices clause, causing Officers to violate the Division Directives clause, and limiting or eliminating the FOP's ability to address safety concerns. Accordingly, the FOP has established that its legal interests could be impaired absent its intervention.

### D. Representation of the Legal Interest

The final element required to establish an intervention as of right is that "the parties already before the court cannot adequately protect the proposed intervenor's interest." *Coal. to Defend Affirmative Action,* 501 F.3d at 779. "[T]he proposed intervenor['s] burden in showing inadequacy is minimal." *Grutter v. Bollinger,* 188 F.3d 394, 400 (6th Cir. 1999) (internal quotation omitted). In this regard, the proposed intervenor must only demonstrate that the representation of its interests by the existing parties *may* be inadequate. *Linton*, 973 F.2d at 1319 (emphasis added).

Here, the FOP states that even if the Defendants in the instant action defend their interests, Defendants do not necessarily have any interest in protecting the statutory or contractual rights of the FOP or its members. In many respects, the FOP's interests *do* align with those of the existing Defendants. But the FOP's role as the bargaining representative of the could lead to a divergence

6

of those interests during the course of this litigation. Thus, this Court finds that the FOP has established that the existing Defendants cannot adequately protect its interests.

### E. Status of Intervenor

Finally, this Court considers what impact granting this motion would have, given that the hearing on Plaintiffs' Motion for Preliminary Injunction has concluded. While an intervenor is treated as if it were an original party, it is also axiomatic that an intervenor "must join subject to the proceedings that have occurred prior to [their] intervention; [they] cannot unring the bell." *Hartley Pen Co. v. Lindy Pen Co.*, 16 F.R.D. 141, 153 (S.D. Cal. 1954); *Friends of Tims Ford v. Tenn. Valley Auth.*, 585 F.3d 955, 963, n.1 (6th Cir. 2009) ("Federal courts have the authority to apply appropriate conditions or restrictions on an intervention as of right."). In other words, a putative intervenor's right to intervene does not prevent the imposition of reasonable limitations on the movant's participation to ensure the efficient adjudication of the litigation. *United States v. Duke Energy Corp.*, 171 F. Supp. 2d 560, 563 (M.D.N.C. 2001). Counsel has represented an ongoing interest in intervention, regardless of the fact that the preliminary injunction hearing has concluded and the motion has been ruled on.

Thus, this Court will **GRANT** the FOP's Motion to Intervene. (ECF No. 14).

### V. CONCLUSION

For the foregoing reasons, this Court **GRANTS** the FOP's Motion to Intervene. (*Id.*).

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: April 30, 2021**