**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TAMARA K. ALSAADA, *et al.* | : | |
| | : | Civil Action No. 2:20cv3431 |
| Plaintiffs, | : | |
| | : | CHIEF JUDGE MARBLEY |
| v. | : | |
| | : | MAGISTRATE JUDGE JOLSON |
| THE CITY OF COLUMBUS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**JOINT MOTION OF PLAINTIFFS AND DEFENDANTS, OTHER THAN THE FRATERNAL ORDER OF POLICE, TO MODIFY PRELIMINARY INJUNCTION**

Plaintiffs and Defendants, other than the Fraternal Order of Police, hereby move, pursuant to Fed.R.Civ.P. 60(b)(6), that the preliminary injunction issued on April 30, 2021, Doc #: 66, PAGEID #: 5756-57, be modified by: (1) replacing "Defendants" with "The City of Columbus, including its Division of Police"; and (2) inserting in the second paragraph after "streets" the phrase, "apart from expressways and freeways," because these modifications are necessary for justice to be done by enabling the City to address any conflict of interest that might impair adequate legal representation of individual party-defendants; by recognizing the practical reach of a preliminary injunction issued against the City of Columbus; and by focusing on the special circumstances of expressways and freeways. The moving parties further request that the order granting this motion expressly state that, in all respects other than the modifications, the April 30, 2021 preliminary injunction remains in full force and effect. The Fraternal Order of Police, Capital City Lodge No. 9, does not oppose this Joint Motion.

## MEMORANDUM IN SUPPORT OF JOINT MOTION OF PLAINTIFFS AND DEFENDANTS, OTHER THAN THE FRATERNAL ORDER OF POLICE, TO MODIFY PRELIMINARY INJUNCTION

Rule 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons[.]" Subsection (6) lists "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). This motion preserves the substance of the preliminary injunction while requesting that the Court "mold its decree to meet the exigencies of the particular case." *Trump v. Int'l Refugee Assistance Project*, 137 S. Ct. 2080, 2087 (2017) (*per curiam*) (quoting approvingly 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2947, at 115 (3d ed. 2013)).

The proposed modifications to the preliminary injunction are attached hereto as Exhibit A. The first modification narrows the entities and individuals directly enjoined to the City of Columbus, including its Division of Police (CDP), removing individual police officers from the preliminary injunction. Plaintiffs fully intend to continue pursuing damages against such individual police officers and, depending on verdicts, permanent injunctive relief against them. For purposes of a preliminary injunction, though, as a practical matter enjoining the City will grant the full preliminary relief Plaintiffs seek.

The moving parties realize that "[c]rafting a preliminary injunction is an exercise of discretion and judgment, often dependent as much on the equities of a given case as the substance of the legal issues it presents." *Trump*, 137 S. Ct. at 2087. Consequently, "[t]he purpose of such interim equitable relief is not to conclusively determine the rights of the parties, but to balance the equities as the litigation moves forward." *Id.* (citation omitted).

In that balancing, a difficulty articulated by Defendants to support their motion for an extended interlocutory appeal period -- ensuring individual police officers are adequately

represented -- should be considered. While modifying the preliminary injunction will not eliminate that difficulty for the remainder of the case, it will alleviate the time constraint and permit the adequacy of representation to be considered on an individual basis. For example, charges have recently been brought against three officers for their alleged conduct during the protests underlying this action.

The second modification narrows the reference to "streets" by excluding "expressways and freeways." Defendants have raised with Plaintiffs the special circumstances presented by protestors entering high-speed, limited-access freeways. The public, protestors, and officers face increased danger that differs from protests on city streets. The evidence adduced at the preliminary injunction hearing nearly exclusively concerned city streets and sidewalks.

"Sound judicial discretion may require the modification of the terms of an injunctive decree if the circumstances, whether of fact or law, obtained at the time of its issuance have changed, or new ones have arisen." *Tri Cty. Wholesale Distributors, Inc. v. Labatt USA Operating Co., LLC*, No. 2:13-CV-317, 2014 WL 4076041, at *3–4 (S.D. Ohio Aug. 14, 2014) (Marbley, J.) (citing *System Federation No. 91 Ry. Emp. Dept., AFL–CIO v. Wright,* 364 U.S. 642, 647 (1961)). The customary interpretation of Rule 60(b)(6) confines it to exceptional or extraordinary circumstances. *See, e.g., McCurry ex. rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 596 (6th Cir. 2002); *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). That interpretation flows primarily from the concern for finality. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). Rule 60 applies to all judgments, not just preliminary injunctions, and a preliminary injunction is less concerned with finality than other orders, such as a final judgment.

"The decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of

judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009) (quoting *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefits Fund*, 249 F.3d 519, 529 (6th Cir. 2001)) (alteration omitted).  For justice to best be done at bar, these modifications should be made.

                                  Respectfully submitted,

/s/ Alana V. Tanoury
Alana V. Tanoury (0092265)
Westley M. Phillips (0077728) – Lead
Janet R. Hill Arbogast (0061955)
Stephen J. Steinberg (0067506)
Andria C. Noble (0086365)
Michael R. Halloran (0086368)
City of Columbus, Department of Law
77 North Front Street, Columbus, Ohio 43215
(614) 645-7385 / (614) 645-6949 (fax)
avtanoury@columbus.gov
wmphillips@columbus.gov
jrhillarbogast@columbus.gov
sjsteinberg@columbus.gov
acnoble@columbus.gov
mrhalloran@columbus.gov

Attorneys for Defendants

/s/ John S. Marshall
John S. Marshall (0015160)
(jmarshall@marshallforman.com)
Edward R. Forman (0076651)
(eforman@marshallforman.com)
Madeline J. Rettig (0098816)
(mrettig@marshallforman.com)
Helen M. Robinson (0097070)
(hrobinson@marshallforman.com)
Samuel M. Schlein (0092194)
(sschlein@marshallforman.com)
MARSHALL & FORMAN LLC
250 Civic Center Dr., Suite 480
Columbus, Ohio 43215-5296
(614) 463-9790
Fax (614) 463-9780

Frederick M. Gittes (0031444)
fgittes@gitteslaw.com
Jeffrey P. Vardaro (0081819)
jvardaro@gitteslaw.com
The Gittes Law Group
723 Oak St.
Columbus, OH 43205
Phone: (614) 222-4735
Fax: (614) 221-9655

Sean L. Walton (0088401)
Chanda L. Brown (0081076)
Walton + Brown, LLP
395 E. Broad Street, Suite 200
Columbus, Ohio 43215

T: (614) 636-3476
F: (614) 636-3453
swalton@waltonbrownlaw.com
cbrown@waltonbrownlaw.com

James D. McNamara (0002461)
88 E. Broad Street, Suite 1350
Columbus, OH 43215
(614) 464-2770
psilbach@yahoo.com

Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was filed with the Court on this 24th day of June, 2021 using the CM/ECF system, which will send notification of such filing to all counsel of record. Parties may access this filing through the court's filing system.

By: /s/ Alana V. Tanoury
Alana V. Tanoury (0092265)