# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| TAMARA ALSAADA, et al., | : |
| | : Case No. 2:20-CV-3431 |
| Plaintiffs, | : |
| | : CHIEF JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : Magistrate Judge Jolson |
| CITY OF COLUMBUS, OHIO, et al., | : |
| | : |
| Defendants. | : |

## OPINION & ORDER

This matter comes before the Court on the Joint Motion of Plaintiffs and Defendants, excluding the Intervenor-Defendant Fraternal Order of Police, to Modify the Preliminary Injunction Order that this Court issued on April 30, 2021. (ECF No. 75). This Court held a telephonic status conference with the parties on June 24, 2021 at 4:30 p.m. For the reasons set forth below and orally on the record, the Motion to Modify the Preliminary Injunction Order is **GRANTED**. (*Id.*).

Rule 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding[.]" "Sound judicial discretion may require the modification of the terms of an injunctive decree if the circumstances, whether of fact or law, obtained at the time of its issuance have changed, or new ones have arisen." *Tri Cty. Wholesale Distributors, Inc. v. Labatt USA Operating Co.*, LLC, No. 2:13-CV-317, 2014 WL 4076041, at *3–4 (S.D. Ohio Aug. 14, 2014) (Marbley, J.) (citing *System Federation No. 91 Ry. Emp. Dept., AFL–CIO v. Wright*, 364 U.S. 642, 647 (1961)).

Rule 60(b)(6) "is a catchall provision, which provides for relief from a final judgment for any reason justifying relief not captured in the other provisions of Rule 60(b)." *Henness v. Bagley*, 766 F.3d 550 at 553 (6th Cir. 2014), *cert. denied*, 135 S.Ct. 1708 (2015). "A movant seeking relief under Rule 60(b)(6) must show 'extraordinary circumstances' justifying the reopening of a final judgment." *Abdur'Rahman v. Carpenter*, 805 F.3d 710, 713 (6th Cir. 2015) (quoting another source). Rule 60 applies to all judgments, not just preliminary injunctions, and a preliminary injunction is less concerned with finality than other orders, such as a final judgment.

In this case, the parties propose two modifications to this Court's preliminary injunction. The first modification narrows the entities and individuals directly enjoined to be the City of Columbus, including its Division of Police, removing individual police officers from the preliminary injunction. The second modification narrows the reference to "streets" by excluding "expressways and freeways."

For good cause shown, the motion is **GRANTED**. This Court's preliminary injunction order is thus revised as follows:

1. Defendant City of Columbus, including its Division of Police, is restrained from using non-lethal force, including tear gas, pepper spray, flash-bang grenades, rubber bullets, wooden pellets, batons, body slams, pushing or pulling, or kettling, on nonviolent protestors to enforce dispersal orders, traffic laws, such as clearing the streets or sidewalks, and/or misdemeanors, that were not committed with actual or imminently threatened physical harm or property destruction;

2. Defendant City of Columbus, including its Division of Police, is required to recognize that, for purposes of the injunction, "nonviolent protestors" includes individuals who are chanting, verbally confronting police, sitting, holding their hands up when approaching police, occupying sidewalks or streets, apart from expressways or freeways, and/or passively resisting police orders;

3. Defendant City of Columbus, including its Division of Police, may only enforce dispersal orders, traffic laws, such as clearing the streets or sidewalks, or misdemeanor enforcement, to the extent practicable, through citations or arrests, based on probable cause that an individual has committed a violation;

4. Defendant City of Columbus, including its Division of Police, is prohibited from using the infliction of pain to punish or deter "nonviolent protestors" and is directed to limit infliction of pain on any protestor when incidental to a use of force necessary for preventing crimes committed with actual or imminently threatened physical harm or property destruction and/or arresting, based on probable cause, an individual who allegedly committed such an offense;

5. Defendant City of Columbus, including its Division of Police, must ensure that body and vehicle cameras are in good working order and used during every interaction with "nonviolent protestors" and badge numbers and/or identity cards are prominently displayed in each such interaction, even when riot gear is being worn;

6. Defendant City of Columbus, including its Division of Police, must recognize that individuals legitimately displaying "press," "media," "reporter," "paramedic," "medic," "legal observer," or similar words and/or symbols are permitted to be present in a position enabling them to record at protests and/or to intervene to assist individuals who appear to have been injured and that all individuals, regardless of their occupation or nonviolent activity, are permitted to record at protests or whenever any police officer interacts with the public; and

7. Defendant City of Columbus' Division of Police must request that mutual aid law enforcement personnel who cooperate with them adhere to the foregoing restraints or standards on the use of non-lethal force and enforcement, infliction of pain, cameras and identification, and recognition of "nonviolent protestors" and individuals assisting or observing them.

**IT IS SO ORDERED.**

                                                **ALGENON L. MARBLEY**
                                                **CHIEF UNITED STATES DISTRICT JUDGE**

**DATE: June 25, 2021**