## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| TAMARA K. ALSAADA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF COLUMBUS, et al., <br><br> Defendants. | Case No. 2:20-cv-3431 <br><br> Chief Judge Algenon L. Marbley <br><br> Magistrate Kimberly A. Jolson |

### SETTLEMENT AGREEMENT

This is a Settlement Agreement entered into by Defendant City of Columbus ("the City") and Plaintiffs Tamara K. Alsaada, Mahir Ali, Mary Barczak, Demetrius Burke, Bernadette Calvey, Stephanie Carlock, S.L.C., a minor, Keith Duerk, Jennifer Eidemiller, Andrew Fahmy, Talon Garth, Holly Hahn, Bryan Hazlett, Justin Horn, Kurghan Horn, Terry D. Hubby, Jr., Randy Kaigler, Elizabeth Koehler, Rebecca Lamey, Ricky Lee Lane, Nadia Lynch, Mia Mogavero, Michael Moses, Aleta Mixon, Darrell Mullen, Leeanne Pagliaro, Torrie Ruffin, Summer Schultz, Clarressa Thompson, Amanda Weldon, Amanda Williams, and Heather Wise (together "Plaintiffs"). The City and the Plaintiffs are the parties to this Settlement Agreement and are collectively referred to as "the Parties."

The Parties agree to the following terms:

1. <u>Ohio Revised Code Section 2744.07</u>. The parties recognize that pursuant to O.R.C. Section 2744.07(C)(1), an Ohio political subdivision may enter into a consent judgment or settlement and may secure releases from liability for itself or an employee, with respect to any claim for injury, death, or loss to person or property caused by an act or omission in connection

1

_____ 11/30/21
(Initials Date)

with a governmental or proprietary function. The parties agree that the City is entering into this Settlement Agreement and securing releases for itself and for Defendants Thomas Quinlan, David B. Griffith, Duane Mabry, Lowell Rector, Lawrence Yates, Scott Bray, Brian Bruce, Christopher Capretta, Caroline Castro, David Gitlitz, Brian Steele, Paul Szabo, Paul Badois, Michael Dunlevy, Shawn Dye, Michael Eschenburg, Thomas Hammel, Holly Kanode, Kenneth Kirby, Benjamin Mackley, Benjamin Messerly, Gary Patterson, Robert Reffitt, Amber Rich, Shannon Schmid, and Phillip Walls. Those individuals and the City are collectively referred to as "the Defendants."

2. <u>The Events</u>. Plaintiffs have brought suit against the Defendants in the United States District Court for the Southern District of Ohio, Eastern Division, in the case captioned *Tamara K. Alsaada et al., v. City of Columbus et al.*, United States District Court Case No. 2:20-cv-3431 ("the Lawsuit"). Plaintiffs' factual allegations (referred to in this Settlement Agreement as "the Events") and causes of action are fully described in their Second Amended Complaint filed on May 27, 2021.

3. <u>Authority</u>. Plaintiff Justin Horn, as Plaintiff S.L.C.'s legal guardian, is authorized to enter into this Agreement on behalf of Plaintiff S.L.C., who is a minor.

4. <u>Payment</u>. For purposes of effecting a settlement with Plaintiffs, and in consideration of the terms set forth in this Agreement, the City has agreed to deliver settlement proceeds in the total amount of **FIVE MILLION SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($5,750,000.00)**, without interest, in full settlement of all claims or potential claims that Plaintiffs may have against any person or entity in connection with the Events. The settlement check shall be made payable to "Marshall and Forman, LLC, Trust Account," and the City shall issue an

2

*(Initials Date)* 11/30/21

appropriate IRS Form 1099 corresponding to this payment. The settlement payment shall be made as soon as practicable after approval by City Council of the terms of this Settlement Agreement.

5. Special Master. The Parties hereto agree and understand that distribution of the settlement payments hereunder shall be determined by the attorney-client privileged representation agreements between Plaintiffs and Plaintiffs' counsel and applicable law, and that allocation of damages to each Plaintiff will be determined by a neutral third party employed by Plaintiffs and their counsel. The Parties agree to jointly request that the Court approve the hiring of that third party to act in the capacity of Special Master. The Parties agree that the Special Master will be charged with the duty of, after receipt of all appropriate evidence from Plaintiffs and their counsel regarding damages caused to Plaintiffs, making fair and reasonable allocations of the settlement proceeds between the Plaintiffs and ensuring that all of the settlement proceeds, net of attorney's fees and expenses, are allocated among the Plaintiffs. The Parties agree that neither the City nor any of the Defendants in The Lawsuit will be permitted to participate in or be privy to the proceedings conducted by the Special Master nor will they be advised of the Special Master's decisions. Plaintiffs shall pay for any fees and costs associated with the Special Master using the settlement proceeds identified in Paragraph 4 of this Settlement Agreement.

6. Agreed Permanent Injunction. Attached to this Settlement Agreement as Exhibit A is proposed permanent injunction language agreed upon by the Parties. For purposes of effecting a settlement with Plaintiffs, and in consideration of the terms set forth in this Agreement, the City will join with Plaintiffs in presenting the proposed permanent injunction language to Chief Judge Algenon L. Marbley of the United States District Court for the Southern District of Ohio. The Parties agree and understand that the Permanent Injunction, once entered by the Court, is intended to serve as a protection of any member of the public who may choose to engage in exercising the

3

*(Initials)* 11/30/21 *(Date)*

rights of free speech and/or association, and the Parties agree and understand that the Court retains jurisdiction over a lawsuit brought solely for contempt regarding the Preliminary Injunction and/or the settlement agreement, while jurisdiction over separate actions will be assigned in the ordinary course. In the event the Court does not approve in full the injunction in Exhibit A, the Parties will attempt in good faith to reach an alternative agreed injunction that is satisfactory to the Court.

7. <u>Subject to Columbus City Council Approval</u>. Plaintiffs understand and expressly agree that this Settlement Agreement is contingent upon the approval of Columbus City Council. Should City Council not approve all or any material term of this Agreement, then this Settlement Agreement shall be null and void, and the Parties hereto shall return to litigation of The Lawsuit.

8. <u>Dismissal and Release</u>. Upon delivery of the aforementioned payment as described in Paragraph 4 of this Settlement Agreement, Plaintiffs shall, by stipulation or motion, dismiss with prejudice all claims they have made in the Lawsuit with the parties bearing their own costs. Additionally, with respect to acts and occurrences relating to, on account of, or arising from the Events that have taken place prior to their execution of this Agreement, Plaintiffs release, discharge, and by these presents do for themselves, their heirs, executors, administrators and assigns, release, acquit, and forever discharge the City and any of its employees, agents, and officials, including, but not limited to, Thomas Quinlan, David B. Griffith, Duane Mabry, Lowell Rector, Lawrence Yates, Scott Bray, Brian Bruce, Christopher Capretta, Caroline Castro, David Gitlitz, Brian Steele, Paul Szabo, Paul Badois, Michael Dunlevy, Shawn Dye, Michael Eschenburg, Thomas Hammel, Holly Kanode, Kenneth Kirby, Benjamin Mackley, Benjamin Messerly, Gary Patterson, Robert Reffitt, Amber Rich, Shannon Schmid, and Phillip Walls, and any other Columbus Police officers involved in the Events in any way whatsoever, and any and all


(Initials Date)

other persons, firms, and corporations, whether herein named or referred to or not, of and from any and all past, present, and future actions, causes of actions, claims, demands, damages, costs, attorney's fees, loss of services, loss of employment, loss of benefits, expenses, compensation, third party actions, and suits of law or in equity on account of or in any way arising out of the Events, including claims for suits for contributions and/or indemnity of whatever nature, and all consequential damage on account of or in any way growing out of the Events.

9. <u>Duty to Defend and Indemnify</u>. Plaintiffs agree that the City and its employees, agents, and officials, including, but not limited to, Columbus Police officers Thomas Quinlan, David B. Griffith, Duane Mabry, Lowell Rector, Lawrence Yates, Scott Bray, Brian Bruce, Christopher Capretta, Caroline Castro, David Gitlitz, Brian Steele, Paul Szabo, Paul Badois, Michael Dunlevy, Shawn Dye, Michael Eschenburg, Thomas Hammel, Holly Kanode, Kenneth Kirby, Benjamin Mackley, Benjamin Messerly, Gary Patterson, Robert Reffitt, Amber Rich, Shannon Schmid, and Phillip Walls, and any other Columbus Police officers involved in the Events, are released and discharged from liability to all lien-holders of Plaintiffs in connection with claims for damages relating to the Events and that all such liens will be satisfied and discharged from the proceeds of this settlement by Plaintiffs. Plaintiffs agree to defend, indemnify, and hold harmless the City and any of its employees, agents, and officials, including, but not limited to, Columbus Police Officers Thomas Quinlan, David B. Griffith, Duane Mabry, Lowell Rector, Lawrence Yates, Scott Bray, Brian Bruce, Christopher Capretta, Caroline Castro, David Gitlitz, Brian Steele, Paul Szabo, Paul Badois, Michael Dunlevy, Shawn Dye, Michael Eschenburg, Thomas Hammel, Holly Kanode, Kenneth Kirby, Benjamin Mackley, Benjamin Messerly, Gary Patterson, Robert Reffitt, Amber Rich, Shannon Schmid, and Phillip Walls, and any other Columbus Police officers involved in the Events, from all liens or derivative claims

5

(Initials Date) 11/30/21

asserted against or through Plaintiffs for damages by third parties relating to the Events, including, but not limited to, attorney's liens, Medicare liens, Medicaid liens, Social Security liens, ERISA liens, Public Aid liens, Ohio Bureau of Workers Compensation liens, any subrogation claims that may be presented for payment of expenses for medical treatment incurred, and any claims by relatives or next-of-kin, provided that if the City receives notice of any such derivative claim or lien, within ten (10) business days of receiving notice of any such lien or derivative claim, the City will notify the Plaintiff whose damages are implicated, through Plaintiffs' attorneys, and will permit that Plaintiff to defend against such derivative claim on that person or entity's behalf, and as needed, cooperate with Plaintiffs' attorneys in defending against such derivative claim.

10. <u>No Admission of Liability</u>. Plaintiffs understand and agree that this settlement is a compromise of disputed claims, and that the City's participation in this Settlement Agreement is not to be construed as an admission of liability on the part of the City, Columbus Police Officers Thomas Quinlan, David B. Griffith, Duane Mabry, Lowell Rector, Lawrence Yates, Scott Bray, Brian Bruce, Christopher Capretta, Caroline Castro, David Gitlitz, Brian Steele, Paul Szabo, Paul Badois, Michael Dunlevy, Shawn Dye, Michael Eschenburg, Thomas Hammel, Holly Kanode, Kenneth Kirby, Benjamin Mackley, Benjamin Messerly, Gary Patterson, Robert Reffitt, Amber Rich, Shannon Schmid, and Phillip Walls, any other Columbus Police officers involved in the Events, or any other employee, agent, or official of the City by whom liability is expressly denied.

11. <u>No Assignment</u>. Plaintiffs expressly represent and agree that they have not assigned or transferred any claims released in this Settlement Agreement (or any portion of or interest in them) to any third person or entity.

12. <u>Breach and Enforcement and Continuing Jurisdiction of the United States District Court.</u> The Parties agree that any violation of the terms of this Settlement Agreement may entitle

6

(Initials Date)

the other Party or Parties to injunctive relief for violation of the same. Any such violation may result in irreparable injury for which there is no adequate remedy at law. The Parties Agree that in addition to the Permanent Injunction contemplated by this Agreement, that the United States District Court for the Southern District of Ohio shall retain jurisdiction over this matter for the purpose of enforcing the terms of this Settlement Agreement.

13. <u>Miscellaneous</u>. The Parties understand and expressly agree that this Settlement Agreement has been freely and voluntarily entered into and that no oral or written representations or promises of any kind, unless specifically contained in this Settlement Agreement, have been made by any person to induce or otherwise influence them to enter into this Settlement Agreement. The Parties acknowledge that they have had the opportunity to seek the advice and benefit of legal counsel and have received such advice and benefit prior to executing this Settlement Agreement.

14. <u>Severability</u>. If any provision of this Settlement Agreement is for any reason held to be invalid or unenforceable, such provision shall not affect any other provision, and this Settlement Agreement shall be construed as if such invalid and/or unenforceable provision had never been contained in this Settlement Agreement.

15. <u>Counterparts</u>. The Parties agree that this Settlement Agreement may be signed in one or more counterparts, all of which taken together shall constitute one and the same instrument, that faxed or scanned signatures shall be acceptable, and that once obtained, the signatures shall become a part of this Settlement Agreement.

16. <u>Waiver</u>. Failure by any party to enforce any of the remedies available to it in this Settlement Agreement shall not be deemed a waiver of those rights.

17. <u>Choice of Law/Forum</u>. This Settlement Agreement shall be construed, enforced and governed in accordance with the laws of the State of Ohio. Any dispute pertaining to this

(Initials Date)

Settlement Agreement or its terms shall be litigated in front of Chief Judge Algenon L. Marbley of the United States District Court for the Southern District of Ohio, Eastern Division.

18. <u>Full Agreement</u>. This Settlement Agreement constitutes the entire agreement of the Parties and may not be contradicted by evidence of any prior agreement, whether oral or written, or by any contemporaneous oral agreement. This Settlement Agreement is a complete and exclusive statement of the terms of the agreement, which may not be explained or supplemented by evidence of inconsistent additional terms.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8

(Initials Date) 11/30/21

Executed this __30TH__ day of __NOVEMBER__ 2021.

The City of Columbus by:

_____, DIRECTOR
Signature and Title

1.  Defendant City of Columbus, including its Division of Police, is restrained from using non-lethal force, including tear gas, pepper spray, flash-bang grenades, rubber bullets, wooden pellets, batons, body slams, pushing or pulling, or kettling[1], on nonviolent protestors to enforce dispersal orders, traffic laws, such as clearing the streets or sidewalks, and/or misdemeanors, that were not committed with actual or imminently threatened physical harm or property destruction or with attempted or actual criminal trespass on private property or secured government buildings/facilities, areas, or structures;

2.  Defendant City of Columbus, including its Division of Police, is required to recognize that, for purposes of the injunction, "nonviolent protestors" includes individuals who are chanting, verbally confronting police, sitting, holding their hands up when approaching police, occupying sidewalks or streets, apart from expressways or freeways, and/or passively resisting police orders in connection with the exercise of rights of free speech and association under the First Amendment;

3.  Defendant City of Columbus, including its Division of Police, may only enforce dispersal orders, traffic laws, such as clearing the streets or sidewalks, and/or misdemeanors in a manner and under the circumstances described in Paragraph 1 against nonviolent protestors, to the extent practicable, through citations or arrests, based on probable cause.

4.  Defendant City of Columbus, including its Division of Police, is prohibited from using the infliction of pain to punish or deter "nonviolent protestors" and is directed to avoid infliction of pain on any nonviolent protestor when incidental to a use of force necessary to prevent or effectuate an arrest for crimes committed involving the actual or imminent threat of physical harm or property destruction or attempted or actual criminal trespass on private property or secured government buildings/facilities, areas, or structures, and/or when arresting, based on probable cause, an individual who allegedly committed such an offense. For purposes of this order and this provision, reasonable incidental contact with individuals in connection with entering into or moving through a crowd to effect an arrest does not constitute the infliction of pain to punish or deter nonviolent protestor action and does not violate Paragraph 1 of this Agreed Order.

5.  Defendant City of Columbus, including its Division of Police, must ensure that body and vehicle cameras are in good working order and used during every interaction with "nonviolent protestors" and badge numbers and/or identity cards are prominently displayed in each such interaction, even when riot gear is being worn. Plain clothes or undercover officers, are not required to wear a body worn

---

[1] For purposes of this agreement, "kettling" is defined as a tactic where law enforcement officers surround a crowd of nonviolent protestors who have been ordered to disperse in a manner which prohibits them from having a reasonable route of exit (such as an unobstructed sidewalk, street, or alley) to comply with the dispersal order.

camera, but shall not engage in enforcement action, including, but not limited to, arresting or detaining a suspect, or using force, unless exigent circumstances of actual or imminently threatened physical harm to officers or others exist;

6. Defendant City of Columbus, including its Division of Police, must recognize that individuals legitimately displaying "press," "media," "reporter," "paramedic," "medic," "legal observer," or similar words and/or symbols are permitted to be present in a position enabling them to record at protests and/or to intervene to assist individuals who appear to have been injured so long as their presence does not physically interfere with a lawful arrest, involve entering a closed or cordoned-off crime scene, or physically interfere with medical aid already being rendered by an officer or an EMT/Firefighter and that all individuals, regardless of their occupation or nonviolent activity, are permitted to record at protests or whenever any police officer interacts with the public; and

7. Defendant City of Columbus' Division of Police must request that mutual aid law enforcement personnel who cooperate with them adhere to the foregoing restraints or standards on the use of non-lethal force and enforcement, infliction of pain, cameras and identification, and recognition of "nonviolent protestors" and individuals assisting or observing them. If a mutual aid entity does not have body worn cameras, its personnel must either be assigned to peripheral traffic control operations where interaction with protestors during actual protests are unlikely or, if the mutual aid request relates to SWAT or other similar tactical units, mutual aid personnel must be embedded with CPD officers that have body worn cameras, and who are recording in accordance with this Order and Columbus Division of Police Directives.