UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TAMARA K. ALSAADA, *et al.*, | : | |
| Plaintiffs, | : | Case No. 2:20-cv-3431 |
| v. | : | Chief Judge Algenon L. Marbley |
| CITY OF COLUMBUS, *et al.*, | : | Magistrate Judge Kimberly A. Jolson |
| Defendants. | : | |

## ORDER AND PERMANENT INJUNCTION

This matter is before the Court on the parties' Notice (ECF No. 85) that the Settlement Agreement previously reported to the Court now has been authorized by the Columbus City Council and Mayor. On request of the parties, the Court hereby **APPROVES** the Settlement Agreement and Agreed Permanent Injunction (ECF No. 85-1) as submitted.

Defendants are **PERMANENTLY ENJOINED** as follows:

1. Defendant City of Columbus, including its Division of Police, is restrained from using non-lethal force, including tear gas, pepper spray, flash-bang grenades, rubber bullets, wooden pellets, batons, body slams, pushing or pulling, or kettling,[1] on nonviolent protestors to enforce dispersal orders, traffic laws such as clearing the streets or sidewalks, and/or misdemeanors, that were not committed with actual or imminently threatened physical harm or property destruction or with attempted or actual criminal trespass on private property or secured government buildings/facilities, areas, or structures.

---

[1] For purposes of this Injunction, "kettling" is defined as a tactic where law enforcement officers surround a crowd of nonviolent protestors who have been ordered to disperse in a manner which prohibits them from having a reasonable route of exit (such as an unobstructed sidewalk, street, or alley) to comply with the dispersal order.

1

2. Defendant City of Columbus, including its Division of Police, is required to recognize that, for purposes of this Injunction, "nonviolent protestors" include individuals who are chanting, verbally confronting police, sitting, holding their hands up when approaching police, occupying sidewalks or streets apart from expressways or freeways, and/or passively resisting police orders in connection with the exercise of rights of free speech and association under the First Amendment.

3. Defendant City of Columbus, including its Division of Police, may only enforce dispersal orders, traffic laws such as clearing the streets or sidewalks, and/or misdemeanors in a manner and under the circumstances described in Paragraph 1 against nonviolent protesters, to the extent practicable, through citations or arrests, based on probable cause.

4. Defendant City of Columbus, including its Division of Police, is prohibited from using the infliction of pain to punish or deter "nonviolent protestors" and is directed to avoid infliction of pain on any nonviolent protester when incidental to a use of force necessary to prevent or effectuate an arrest for crimes committed involving the actual or imminent threat of physical harm or property destruction or attempted or actual criminal trespass on private property or secured government buildings/facilities, areas, or structures, and/or when arresting, based on probable cause, an individual who allegedly committed such an offense. For purposes of this Injunction and this provision, reasonable incidental contact with individuals in connection with entering into or moving through a crowd to effect an arrest does not constitute the infliction of pain to punish or deter nonviolent protester action and does not violate Paragraph 1 of this Injunction.

5. Defendant City of Columbus, including its Division of Police, must ensure that body and vehicle cameras are in good working order and used during every interaction with

"nonviolent protestors," and that badge numbers and/or identity cards are prominently displayed in each such interaction, even when riot gear is being worn. Plain clothes or undercover officers are not required to wear a body worn camera, but they shall not engage in enforcement action, including, but not limited to, arresting or detaining a suspect, or using force, unless exigent circumstances of actual or imminently threatened physical harm to officers or others exist.

6. Defendant City of Columbus, including its Division of Police, must recognize that individuals legitimately displaying "press," "media," "reporter," "paramedic," "medic," "legal observer," or similar words and/or symbols are permitted to be present in a position enabling them to record at protests and/or to intervene to assist individuals who appear to have been injured so long as their presence does not physically interfere with a lawful arrest, involve entering a closed or cordoned-off crime scene, or physically interfere with medical aid already being rendered by an officer or an EMT/Firefighter, and that all individuals, regardless of their occupation or nonviolent activity, are permitted to record at protests or whenever any police officer interacts with the public; and

7. Defendant City of Columbus' Division of Police must request that mutual aid law enforcement personnel who cooperate with them adhere to the foregoing restraints or standards on the use of non-lethal force and enforcement, infliction of pain, cameras and identification, and recognition of "nonviolent protesters" and individuals assisting or observing them. If a mutual aid entity does not have body worn cameras, its personnel must either be assigned to peripheral traffic control operations where interaction with protestors during actual protests are unlikely, or, if the mutual aid request relates to SWAT or other similar tactical units, mutual aid personnel must be embedded with CPD officers that have

body worn cameras and who are recording in accordance with this Injunction and Columbus Division of Police Directives.

* * *

This case is now closed. **IT IS SO ORDERED.**

                             _____
                             ALGENON L. MARBLEY
                             CHIEF UNITED STATES DISTRICT JUDGE

DATED: December 29, 2021